ROY NOBLE LEE, Chief Justice,
for the Court:
Troy Lee Carter has appealed from a nunc pro tunc order of the Circuit Court, Harrison County, Mississippi, entered on February 3, 1986, denying his motion for post-conviction relief. He simply contends that the lower court erred in denying him post-conviction relief.
On January 23, 1978, indictments were returned against appellant on two charges of armed robbery. On May 23,1978, appellant, who was then sixteen (16) years of age, was tried and convicted on one of the charges, and, on May 26,1978, he entered a plea of guilty to the second charge of armed robbery. The lower court sentenced appellant to serve a term of fifteen (15) years in the custody of the Mississippi Department of Corrections for each charge, the sentences to run concurrently. In the sentencing order, the lower court provided that the appellant spend the first two (2) years of his sentence in the Oakley Training School, after which time he would be returned to the Circuit Court of Harrison County for a review of his sentence.
After spending approximately one (1) year at Oakley Training School, appellant failed to return to the school following a week-long furlough. On November 17, 1980, appellant was indicted by the Harrison County Grand Jury for grand larceny in the theft of three hubcaps. Appellant was represented by counsel and entered a plea of guilty to the charge on March 5, 1982, and was sentenced to a term of eighteen (18) months, to run concurrently with the previous sentences on armed robbery, now reduced by the lower court to ten (10) years for each charge.
Appellant contends that the armed robbery sentences imposed by the lower court were indefinite and violated Mississippi Code Annotated § 47-7-33 (1972), which provides in pertinent part: “The court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence.”
The sentence of the lower court in the armed robbery cases specifically ordered:
Troy Lee Carter ... is hereby sentenced to serve fifteen (15) years in the Mississippi State Penitentiary in the custody of the Mississippi Department of Corrections. The first two (2) years will be spent in Oakley Training School with the Circuit Court of Harrison, First Judicial District, having judiciary control at the end of the two (2) years, the defendant will be returned to the Circuit Court, *325 First Judicial District, Harrison County, Mississippi, for a review of his sentence.
Mississippi Code Annotated § 43-21-159 (1972) provides:
If any child shall be convicted by any circuit court, the trial judge, if he deems it for the best interest of such child and the public welfare, may, in his discretion, and in lieu of other statutory punishment, commit such child to any state institution now or hereafter established for delinquents.
In Payne v. State, 462 So.2d 902 (Miss.1984), the sentencing order provided that the defendant serve seven (7) years in the custody of the Mississippi Department of Corrections and that two (2) years would be suspended upon the condition that a fine of three thousand dollars ($3,000) be paid. This court said:
[t]hat a sentence must be made definite at the time of imposition. This sentence is not definite. It seeks to allow a court to suspend sentence at any time prior to completion of the term, in violation of Mississippi Code Annotated § 47-7-33 (1972). A court must elect at the time of imposition of sentence to simultaneously suspend imposition or execution of the sentence. But a trial court is without authority to suspend a term of two (2) years after the defendant has begun serving the sentence ... We, therefore, reverse this case for a reason of an indefinite sentence and remand to the trial court for resentencing.
462 So.2d at 906.
To say the least, the record now before this Court is scant and incomplete. It indicates that the sentence was not definite and that it retained in the court the right to suspend or change the sentences and did not comply with § 43-21-159, supra.
Therefore, the judgment of the lower court denying the motion for post-conviction relief is reversed and the cause is remanded to the lower court for sentencing, consistent with this opinion.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, PRATHER, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
GRIFFIN, J., not participating.