764 So.2d 479 (2000)
Michael H. WEAVER a/k/a Michael Herbert Weaver, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00921-COA.
Court of Appeals of Mississippi.
August 1, 2000.
Michael H. Weaver, Appellant, pro se.
Office of the Attorney General by John R. Henry Jr., Attorney for Appellee.
BEFORE McMILLIN, C.J., LEE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Michael H. Weaver, pro se, appeals an order of the Circuit Court of Chickasaw County, Mississippi denying his petition for post-conviction relief. Aggrieved, Weaver perfected this appeal, raising the following issue as error

I. WHETHER THE CIRCUIT COURT ERRED BY REFUSING TO GRANT APPELLANT'S MOTION TO STRIKE BANISHMENT LANGUAGE FROM APPELLANT'S SENTENCING ORDER ON THE BASIS THAT IT CONSTITUTES A VIOLATION OF THE FIRST, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE COURT ORDER BANISHING APPELLANT IS INVALID ON ITS FACE AND AS A MATTER OF LAW.
Finding error, we reverse and remand.

FACTS
¶ 2. On July 24, 1997, Michael H. Weaver was indicted for burglary of a dwelling. Weaver entered a guilty plea on the 17th day of December 1997. Weaver agreed and accepted the terms of a sentence to serve twenty years with fifteen years suspended on good behavior and banishment from a 100 mile radius of Houston, Mississippi for the period of the suspended sentence. Also, Weaver was ordered to pay restitution to the victim and pay the county monies seized from his person in order to defray the costs to the county of appointing a lawyer.
¶ 3. On July 14, 1998, Weaver filed a complaint in post-conviction relief, in which he claimed that his sentence which banished him from Houston, Mississippi was contrary to law. The circuit court entered an order denying Weaver's complaint. It is from this denial that Weaver now appeals.

ANALYSIS

I.

WHETHER THE CIRCUIT COURT ERRED BY REFUSING TO GRANT *480 APPELLANT'S MOTION TO STRIKE BANISHMENT LANGUAGE FROM APPELLANT'S SENTENCING ORDER ON THE BASIS THAT IT CONSTITUTES A VIOLATION OF THE FIRST, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE COURT ORDER BANISHING APPELLANT IS INVALID ON ITS FACE AND AS A MATTER OF LAW.
¶ 4. Initially, in reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567 (Miss. 1999).
¶ 5. The thrust of Weaver's argument on appeal is that the banishment was improper based on McCreary v. State, 582 So.2d 425, 427 (Miss.1991). The Mississippi Supreme Court reversed McCreary's sentence requiring him to leave the state of Mississippi and return only twice a year for the purpose of exercising visitation rights with his children. Weaver went on to quote the supreme court's reasoning "in considering the overall sentence, and the banishment provision in particular, we direct the circuit court's attention to the consideration just noted, and to our view that banishment from a large geographical area, especially outside of the state, struggles to serve any rehabilitative purpose and implicates serious public questions against the dumping of convicts on another jurisdiction." McCreary v. State, 582 So.2d 425, 427 (Miss.1991).
¶ 6. The State argues that the facts of McCreary make it distinguishable from the present case because McCreary was banished from the state of Mississippi. Here, Weaver was banished from a 100 mile radius of Houston, Mississippi. The State contends that the case directly on point is Cobb v. State, 437 So.2d 1218 (Miss.1983). The supreme court in Cobb upheld a "banishment" substantively identical to that present in the case at bar.
¶ 7. The supreme court states that a banishment provision must bear a reasonable relationship to the purpose of probation, the ends of justice and the best interests of the defendant and the public must be served, the public policy must not be violated, the rehabilitative purpose of the probation must not be defeated, and the defendant's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution must not be violated. McCreary, 582 So.2d at 427. The supreme court in Cobb held that a banishment provision requiring Cobb to "remain 125 miles away from Stone County" would serve the ends of justice and the best interest of public policy. The court further held that the rehabilitative purpose of probation was not defeated, and that Cobb's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution were not violated. Cobb, 437 So.2d at 1220.
¶ 8. In Cobb v. State, the petitioner appealed the condition of probation that required him to stay 125 miles away from Stone County for a period of five years after he was convicted of aggravated assault on his nephew. Id. at 1218. In Cobb, the supreme court agreed with the trial judge that given Cobb's uncontrollable temper and the nature of the crime, the ends of justice and the best interests of the public would be served through a period of banishment. Id. at 1220. Because the trial judge made an on the record finding of the benefits of banishment in Cobb, the supreme court held that banishment was reasonable and did not violate public policy or judicial authority. In the case at bar, the holding of Cobb could support Weaver's banishment provision requiring him to stay outside of a "100 mile radius of Houston, Mississippi"; however, the trial judge failed to articulate the benefits of Weaver's banishment. In order for the instant case to fall directly within the scope of the Mississippi Supreme Court's *481 decision in Cobb, the benefits of Weaver's banishment must be established and on the record. Herein lies the error in the lower court's decision, and the basis for our reversing and remanding this case.
¶ 9. Weaver maintains that even if the banishment was proper, pursuant to Miss. Code Ann. § 47-7-35(g)(Supp.1999), a circuit court in Mississippi only has the authority to impose a probationary period of up to five years. Miss.Code Ann. § 47-7-37 (Supp.1999) states essentially that a probationary period may not exceed five years, regardless of the length of the period of incarceration that is suspended.
¶ 10. The circuit court imposed the following sentence:
It is hereby ordered and adjudged that the defendant, Michael Herbert Weaver, be and is hereby sentenced to serve a term of: twenty years with fifteen years suspended upon his good behavior and subject to the conditions in Section 47-7-35 of the Mississippi Code with the exception of subsection d and e, leaving 5 years to serve in an institution to be designated by the Mississippi board of corrections. Defendant is also ordered to: be banished from a 100 mile radius of Houston, Mississippi for the period of his suspended sentence, to pay restitution to the victim within a reasonable period after his release from prison, and pay over the money seized from the defendant at the time of his arrest to Chickasaw Courts to apply to appointed attorney fees.
¶ 11. The State points out that Weaver knowingly and willingly agreed to and accepted the terms of his probation when he gave his guilty plea and is therefore unable to complain now. The State goes on to argue that since Weaver was placed in the custody of the Mississippi Department of Corrections that was sufficient to put the suspended portion of his sentence under the control of that entity upon his release from custody for a period not to exceed five years.
¶ 12. Due to the ambiguity in the sentencing order, we cannot tell if the court intended a probation status and, if so, for what period of time. Likewise, we cannot tell if banishment applied during the fifteen years suspended, which would not be legal, or for a period of time on probation. On remand the trial court needs to clarify its sentencing order.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.