¶ 1. Michael Weaver has appealed from an order of the Circuit Court of Chickasaw County modifying the conditions by which he could avoid spending the final fifteen years of a twenty year sentence in confinement. We affirm.
 I. Factual and Procedural Background
¶ 2. Weaver pled guilty in December 1997 to one count of burglary of a dwelling. He was sentenced to a term of twenty years with five years to serve and the final fifteen suspended "upon his good behavior and subject to the conditions in Section 47-7-35 of the Miss. Code with the exception of subsections d and e. . . ." In addition, the judgment of sentence stated that Weaver was to be "banished from a 100 mile radius of Houston, Mississippi for the period of his suspended sentence. . . ." (emphasis added).
¶ 3. In an earlier appeal from that sentence that began as a proceeding under Mississippi's post-conviction relief statute, Weaver complained that the banishment provisions of his judgment were prohibited under constitutional considerations and, therefore, unenforceable. Weaverv. State, 764 So.2d 479 (Miss.Ct.App. 2000). Alternatively, he contended that such a banishment was, in effect, a term of probation or post-release supervision, and, as such, could not extend longer than five years following his release. Id. at (¶ 9).
¶ 4. This Court, in its earlier opinion, found that the trial court erred when it failed to make appropriate findings on the record concerning the advisability and reasonableness of the banishment provisions similar to those found in Cobb v. State, 437 So.2d 1218 (Miss. 1983). We remanded for on-the-record findings as to the relevant considerations. Additionally, this Court appeared to agree with Weaver's contention that a banishment provision was a condition of probation or supervised release that, under Section 47-7-37 of the Mississippi Code, could not extend longer *Page 409 
than five years after release from confinement. Finding the language of the trial court's judgment on this question to be ambiguous, our Court suggested the need for the trial court, on remand, "to clarify its sentencing order" as to the length of the banishment period. Weaver, 764 So.2d at (¶ 12).
¶ 5. After a hearing on remand, the trial court entered an "Order of the Court Clarifying Sentencing Order" declaring that the original judgment "is hereby amended to remove the provision for banishment and by placing the defendant on supervised probation for a period of five years upon his release from custody."
¶ 6. Weaver has now appealed from that order, contending that the added requirement of supervised probation is a new and additional element of punishment, more onerous than his original sentence, resulting in his being punished twice for the same crime in violation of the Double Jeopardy provisions of the Constitution of the United States.
 II. Discussion
¶ 7. Once the term of court has ended at which a judgment of sentence is handed down, the general rule is that the trial court has lost its authority to alter or amend the term of punishment afforded to the guilty defendant. Mississippi Comm'n on Judicial Performance v.Russell, 691 So.2d 929, 943 (Miss. 1997). Additionally, there is the well-established proposition that any attempt to alter the terms of punishment in order to increase the severity of the punishment, once the sentence originally announced becomes final, is not permitted under considerations arising under the Double Jeopardy Clause of the Constitution of the United States. Leonard v. State, 271 So.2d 445, 447 (Miss. 1973); Johnson v. State, 753 So.2d 449 (¶ ¶ 13-14) (Miss.Ct.App. 1999).
¶ 8. In this case, the defendant himself raised the question of the enforceability of his original sentence by bringing an action under this state's post-conviction relief statute attacking the banishment provision of the sentence. Such an action is authorized under Section99-39-5(1)(a) of the Mississippi Code as a claim "[t]hat the . . . sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi. . . ." Miss. Code Ann. § 99-39-5(1)(a) (Rev. 2000). To an extent, Weaver was successful in his challenge since this Court held that it was unable to determine whether the terms of the banishment could pass legal muster. We remanded with directions to the trial court to consider the terms of the banishment as earlier imposed in light of established guidelines for such provisions as set out by the Mississippi Supreme Court in the Cobb
decision. Necessarily included within the mandate of a remand of that nature is the possibility that the trial court, after further inquiry and deliberation, may determine that the original provisions of the judgment relating to banishment could not be supported under the law. Such a determination leads inevitably to the question of what authority the trial court has in that circumstance. Is it limited to simply striking out the offending terms of the sentence, leaving the defendant to abide by such provisions of the judgment — if any there be — that remain? That, in effect, is what Weaver appears to be arguing for in this appeal.
¶ 9. That does not appear to be the limit of the trial court's authority. In instances where the Mississippi Supreme Court has found a sentence to be improper on some ground, the remedy imposed has not been to simply vacate the sentence, but to vacate and remand to the trial court for *Page 410 
re-sentencing. See, e.g., Grubb v. State, 584 So.2d 786, 790 (Miss. 1991); Carter v. State, 524 So.2d 324, 325 (Miss. 1988).
¶ 10. The only limitation on the court's authority to re-sentence would appear to be the overriding Double Jeopardy provisions of the United States Constitution that would prevent the trial court from imposing a harsher punishment in re-sentencing than existed in the original judgment of sentence. Leonard, 271 So.2d at 447.
¶ 11. In addition to the foregoing considerations, the statute relating to the terms and conditions of probation specifically permits the court to "alter or modify, at any time during the period of probation or post-release supervision the conditions [of probation]. . . ." Miss. Code Ann. § 47-7-35 (Rev. 2000). The initial modification of the conditions attached to Weaver's post-release activities (submission to post-release supervised parole rather than post-release banishment) occurred while Weaver remained incarcerated rather than "during the period of probation" that was to follow his release. However, we note that the hearing on Weaver's motion to have that modification vacated occurred after his release. To the extent that the quoted provision relating to the timing of the court's action would be deemed essential to the court's authority to act, we are satisfied that the court's denial of Weaver's motion to vacate the new sentencing order effectively acted as a reaffirmation of the court's decision. This part of the proceeding occurred "during the period of probation," thus meeting the requirement of the statute.
¶ 12. The issue therefore becomes two-fold: (1) do the provisions permitting post-release modification of the terms of probation run afoul of Double Jeopardy concerns, thereby rendering that part of the statute unconstitutional; and (2) if not, did the particular manner in which Weaver's post-release conditions of behavior were modified violate those same constitutional provisions? Did the substitution of supervised probation instead of banishment amount to a constitutionally-impermissible increase in the harshness or onerous nature of Weaver's punishment?
¶ 13. As to the first issue, at least two other jurisdictions considering a similar issue did not appear to find an absolute constitutional bar to a modification of the terms of probation. Reyes v.State, 978 P.2d 635, 640 (Alaska Ct. App. 1999); Staley v. State,505 S.E.2d 491, 493-94 (Ga.Ct.App. 1998). This Court, too, can envision circumstances where it would be entirely appropriate to alter the terms of probation or post-release supervision and we do not conclude that a blanket prohibition against any form of such post-sentence changes is required under the constitutional provisions asserted by Weaver in this appeal. One example might be where the terms of probation are tightened after an apparent probation violation that the trial court is concerned about but seeks to avoid the necessity of revoking the probation.
¶ 14. The second, and more narrow, issue to be answered is whether, on the particular facts of this case, there has been an impermissible increase in the level of punishment being inflicted upon Weaver by virtue of this change in the conditions of his release. Merely deciding that the probation statute permits some changes in probation terms does not necessarily mean that all such changes are permissible since there will always remain questions of enhancement of the punishment that is prohibited by the constitution. Nevertheless, as the Georgia court observed in Staley, "A change in the conditions of probation is not necessarily an increase in sentence." Id. at 494. By way of illustration of that *Page 411 
proposition, the court indicated that "an addition which is clearly and completely rehabilitative does not constitute an additional punishment."Id.
¶ 15. In the case before us, the court discussed the fact that the original banishment provision was an attempt to remove Weaver from an environment and potential companions believed by the court to be detrimental to Weaver's chances of rehabilitating himself after release from incarceration. On remand, the trial court apparently concluded, for reasons it did not spell out, that the banishment could not be justified within the context of the Cobb decision and removed it as a condition of the suspension of the remaining fifteen years of Weaver's sentence. This resulted in the removal of any safeguard against Weaver resuming the associations and lifestyle that the court concluded had contributed to his tendency toward criminal activity. Rather than simply permit Weaver to return to that environment without any oversight or safeguard, the trial court — apparently based purely on considerations of rehabilitation rather than punishment — required Weaver to submit to supervised probation for the first five years after his release.
¶ 16. It is the view of this Court that the requirement of periodically reporting in some appropriate manner to a probation officer who then has the opportunity to monitor Weaver's post-release activities and, through appropriate supervisory techniques, assist Weaver in avoiding the pitfalls that led to his previous legal problems is not so punitive or onerous as to amount to an unlawful increase of the terms of his punishment. Such periodic reporting as may reasonably be required does not appear unreasonably harsh or burdensome as a condition of continued release from confinement. Such a requirement appears to our satisfaction to be rehabilitative rather than punitive and thus not subject to the constitutional challenges raised by Weaver in this appeal.
¶ 17. Weaver contends, as a part of his argument, that the imposition of supervised probation in this instance is against the holding in Artis v. State, since the original sentence did not impose any probationary conditions on the suspended portion of his release. Artis v.State, 643 So.2d 533, 537-38 (Miss. 1994). This simply is inaccurate. Banishment is, of itself, a probationary provision. Cobb, 437 So.2d at 1221.
¶ 18. Additionally, the trial court's sentencing order specifically conditioned the suspension of fifteen years of Weaver's sentence "upon his good behavior and subject to the conditions in Section47-7-35 of the Mississippi Code with the exception of subsection d and e. . . ." Section 47-7-35 lists in great detail those requirements that may be attached to the conditional release of a defendant from confinement for only so long as those conditions are complied with. It is plain that Weaver's post-confinement release was not the kind of unconditioned suspension of a portion of the sentence that occurred inArtis and which would have prevented the court from subsequently tacking on probationary requirements to an otherwise completed sentence. Instead, this sentence was, beyond question, the kind of probationary release discussed in Staley, where the defendant was fully informed that his release after serving only a portion of his total sentence was conditional only and that his continued release from confinement was dependent upon his ability to comply with the conditions of probation set out in the sentencing order. Staley, 505 S.E.2d at 492.
¶ 19. In summary, we do not conclude that the substitution of some period of formal probationary supervision in place of *Page 412 
a like term of banishment constitutes an increase in the degree or character of Weaver's punishment that would invoke constitutional concerns of double jeopardy. We find that requirement to be essentially rehabilitative in its objectives and not punitive. On that basis, we conclude that the change in probation terms was within the circuit court's authority as contained in Section 47-7-35.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY ISAFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLERAND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.