LEE, C.J.,
for the Court:
¶ 1. This appeal arises from the dismissal of a motion for modification of sentence. The trial court dismissed the motion for lack of jurisdiction because the term of court in which Ryan Quincy Pugh was sentenced had expired. Pugh now appeals, arguing (1) the trial court erred in dismissing his motion for lack of jurisdiction; (2) his trial counsel was ineffective; and (3) the trial court erred in sentencing him to supervised post-release supervision rather than unsupervised post-release supervision. While Pugh raises three issues on appeal, the only issue properly before this Court is the trial court’s dismissal of Pugh’s motion for modification of sentence for lack of jurisdiction.
FACTS AND PROCEDURAL HISTORY
¶ 2. On March 9, 2009, Pugh was indicted by a Madison County grand jury for possession of more than ten but less than twenty dosage units of methylenedioxy-methamphetamine (MDMA) and for possession of a firearm by a previously convicted felon. After plea negotiations, Pugh pleaded guilty to a lesser charge of possession of more than two but less than ten dosage units of MDMA. The State agreed that the firearm count would be nolle prossed.
¶ 3. At Pugh’s plea hearing on August 10, 2009, the State recommended that Pugh be sentenced to five years in the custody of the Mississippi Department of *1082 Corrections (MDOC), with Pugh to be released after having served fourteen and one-half months; five years of unsupervised post-release supervision; and a $1,000 fine. The State also recommended that this sentence run concurrently with his federal sentence[1] for which he had eight remaining years to serve in federal custody. The trial court accepted the State’s recommendation. On August 12, 2009, the trial court entered a judgment of conviction and “sentence instanter,” sentencing Pugh to five years in MDOC custody, with Pugh being released after serving fourteen and one-half months, followed by five years of supervised[2] post-release supervision. This sentence was to run concurrently with Pugh’s federal sentence. The trial court also ordered Pugh to pay court costs and a $1,000 fine.
¶ 4. Pugh was discharged from MDOC custody on August 31, 2009. He then returned to the Federal Correctional Complex in Yazoo City, Mississippi, to serve the remaining portion of his federal sentence. On September 27, 2012, Pugh filed a motion in the trial court seeking modification of his sentence because the Federal Correctional Complex had not credited him for his time served in MDOC custody. This failure to credit Pugh for his MDOC time served essentially caused the remainder of Pugh’s federal sentence to run consecutively to, rather than concurrently with, his MDOC sentence. The trial court subsequently dismissed the motion for lack of jurisdiction because the term of court in which Pugh was sentenced had expired.
STANDARD OF REVIEW
¶ 5. Jurisdictional matters involve a question of law; thus the standard of review is de novo. Payne v. State, 966 So.2d 1266, 1269 (¶ 7) (Miss.Ct.App.2007).
DISCUSSION
¶ 6. Trial courts, in most circumstances, lack jurisdiction to resentence convicted felons. Creel v. State, 944 So.2d 891, 893 (¶ 6) (Miss.2006). The Mississippi Supreme Court has held that “once the case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment.” Miss. Comm’n of Judicial Performance v. Russell, 691 So.2d 929, 943 (Miss.1997) (internal quotations omitted). Pugh was sentenced on August 10, 2009. He did not file his motion for modification of sentence until September 27, 2012 — over three years later. Since the term of court in which Pugh was sentenced had ended, the trial court was powerless to change its judgment. Therefore, this issue is without merit.
¶ 7. As for the two other issues Pugh raises on appeal, these issues were not raised in the trial court and, therefore, are not appropriately before this Court. See Walker v. State, 823 So.2d 557, 561 (¶ 6) (Miss.Ct.App.2002) (failure to raise issue at trial court level bars consideration at appellate level). If Pugh so chooses, he may raise these claims in a properly filed petition for post-conviction relief. Small v. State, 81 So.3d 1179, 1181 (¶ 9) (Miss.Ct.App.2011).
¶ 8. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS *1083 APPEAL ARE ASSESSED TO MADISON COUNTY.
IRVING AND GRIFFIS, P JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.

. Pugh was convicted in the Southern District of Mississippi of armed carjacking and use of a firearm in a crime of violence, and was sentenced to ten years and one month in federal custody, followed by three years of probation.

. Although the plea recommendation was for unsupervised post-release supervision, Pugh was sentenced to supervised post-release supervision.