# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01163-COA

**BRADFORD SCOTT BYRD A/K/A BRADFORD**        **APPELLANT**
**S. BYRD A/K/A BRADFORD BYRD**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/11/2014 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | PERRY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BRADFORD SCOTT BYRD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR MODIFICATION OF SENTENCE |
| DISPOSITION: | AFFIRMED: 11/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., CARLTON AND WILSON, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1. Bradford Scott Byrd pleaded guilty to attempted sexual battery on September 4, 2007. The Perry County Circuit Court sentenced Byrd to twenty years in prison, with ten years to serve, five years suspended, and five years of post-release supervision (PRS). The circuit court further ordered Byrd to remain at least 200 yards away from his victim, R.B.,[1] as well as cease all contact with R.B., upon his release from incarceration.

---

[1] This Court declines to name victims of sexual assault.

¶2. On July 24, 2014, prior to his release from prison, Byrd filed a motion for modification of his sentence. Byrd requested that the circuit court remove the 200-yard restriction because his residence upon his release would be within 200 yards of R.B. The circuit court denied Byrd's motion on August 11, 2014, citing a lack of jurisdiction by the circuit court to alter Byrd's sentence. Byrd now appeals.

STANDARD OF REVIEW

¶3. "Motions to reconsider a sentence are reviewed under an abuse of discretion standard." *McGee v. State*, 976 So. 2d 954, 956 (¶10) (Miss. Ct. App. 2008) (citing *Acker v. State*, 797 So. 2d 966, 969 (¶10) (Miss. 2010)). However, "[j]urisdictional matters involve a question of law; thus the standard of review is de novo." *Pugh v. State*, 132 So. 3d 1080, 1082 (¶5) (Miss. Ct. App. 2014) (citing *Payne v. State*, 966 So. 2d 1266, 1269 (¶7) (Miss. Ct. App. 2007)). Further, this Court will not overturn a trial court's dismissal of a post-conviction collateral relief (PCCR) motion on appeal "unless the trial court's decision was clearly erroneous." *Chapman v. State*, 135 So. 3d 184, 185 (¶6) (Miss. Ct. App. 2013) (citation omitted).

ANALYSIS

¶4. Byrd initially asserts the Uniform Post-Conviction Collateral Relief Act (UPCCRA), specifically Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), does not bar his appeal. Though the circuit court dismissed Byrd's motion on other grounds, we address Byrd's contention, as the UPCCRA applies to "a motion to vacate, set aside[,] or correct the judgment or sentence." Miss. Code Ann. § 99-39-5(1) (Rev. 2015).

¶5. Section 99-39-5(2) bars any PCCR motion not filed within three years of a guilty plea. Byrd pleaded guilty on September 4, 2007, but failed to file his motion until July 24, 2014. This placed Byrd's motion well outside the three-year requirement and serves as a bar. Byrd argues, however, that his PRS condition constituted an illegal sentence, which excepts his motion from the procedural time-bar.

¶6. "The Mississippi Supreme Court has held that there is a fundamental right to be free from an illegal sentence, and a claim implicating a fundamental right may be excepted from the time-bar." *Moore v. State*, 152 So. 3d 1208, 1210 (¶10) (Miss. Ct. App. 2014) (citing *Sneed v. State*, 722 So. 2d 1255, 1257 (¶11) (Miss. 1998)). Byrd cites his PRS condition as the basis for his illegal sentence. However, as this Court will discuss, Byrd's PRS condition falls within the statutory guidelines for PRS. Therefore, this issue is without merit.

¶7. As a second issue of procedure, Byrd fails to cite any legal authority to support his argument for removing the 200-yard limitation. "The Mississippi Supreme Court has held that it is the duty of the appellant to provide authority in support of an assignment of error." *Young v. State*, 919 So. 2d 1047, 1049 (¶5) (Miss. Ct. App. 2005) (citation omitted). "Failure to cite legal authority in support of an issue is a procedural bar on appeal." *Id.* Notwithstanding the procedural bar, we find Byrd's argument is without merit.

¶8. In denying Byrd's motion, the circuit court cited to Mississippi Code Annotated section 47-7-33 (Supp. 2015). Section 47-7-33(1) states, in-part, that the circuit court "shall have the power, after conviction or a plea of guilty, . . . to suspend the imposition or execution of [a] sentence, . . . except that the court shall not suspend the execution of a

sentence of imprisonment after the defendant shall have begun to serve such sentence."

¶9.    The circuit court, relying on section 47-7-33(1), found that once Byrd began to serve his sentence in 2007, it was "without jurisdiction to alter, amend[,] or suspend Byrd's sentence." Though the circuit court found it lacked jurisdiction to alter his sentence, Byrd primarily requested a modification of his PRS requirements.

¶10.    Mississippi Code Annotated section 47-7-35 (Supp. 2015) addresses modifications of PRS. Section 47-7-35(1) dictates that "[t]he courts referred to in Section 47-7-33 or 47-7-34 shall determine the terms and conditions of probation or post-release supervision and may alter or modify, *at any time during the period of probation or post-release supervision*, the conditions[.]" (Emphasis added). Therefore, a court may not modify any terms of one's PRS until his post-release-supervision period begins.

¶11.    This Court previously found the timing for a modification of PRS essential. *See Weaver v. State (Weaver II)*, 856 So. 2d 407, 410 (¶11) (Miss. Ct. App. 2003). Weaver initially filed a PCCR petition to find his sentence of banishment unconstitutional. *Weaver v. State* (*Weaver I*), 764 So. 2d 479, 479 (¶3) (Miss. Ct. App. 2000). This Court reversed and remanded the proceedings to the trial court for specific findings of the constitutionality of the banishment terms. *Id.* at 481 (¶12). The trial court then removed the banishment provision and replaced it with a term of PRS. *Weaver II*, 856 So. 2d at 409 (¶5).

¶12.    In *Weaver II*, Weaver appealed the PRS term as a violation of his constitutional protections against double jeopardy. *Id.* at (¶6). Though this Court primarily analyzed the constitutional implications of Weaver's modified PRS terms, we briefly addressed the

4

jurisdictional concerns of a PRS modification. *Id.* at 410 (¶11). The initial modification of Weaver's PRS occurred while Weaver remained incarcerated, but the hearing to vacate that modification occurred after his release. *Id.* This Court found:

> To the extent that the quoted provision relating to the timing of the court's action would be deemed essential to the court's authority to act, we are satisfied that the court's denial of Weaver's motion to vacate the new sentencing order effectively acted as a reaffirmation of the court's decision. This part of the proceeding occurred "during the period of probation," thus meeting the requirement of the statute.

*Id.* Therefore, while not entirely analogous to this case, *Weaver II* indicated the requirement that such a modification must occur during the PRS or probationary period. Thus, the circuit court lacked jurisdiction under section 47-7-35(1) to modify Byrd's PRS terms.

¶13. Jurisdictional bar aside, Byrd's argument that the 200-yard-prohibition provision is surplusage lacks merit. In addition to granting jurisdiction over PRS modifications, section 47-7-35 sets forth acceptable terms a court can include in PRS and probation sentences. PRS conditions "may include among them the following or any other: That the offender shall: . . . Remain within a specified area[.]" Miss. Code Ann. § 47-7-35(1)(g). The circuit court specifically included the term in the sentencing order. Therefore, the specific inclusion of the proximity prohibition and the permissibility of such a term defeat Byrd's claims.

¶14. We find the circuit court lacked jurisdiction to hear the case. Further, Byrd's contention that the proximity prohibition was merely surplusage is without merit. As we find his sentence valid, Byrd's assertion of an illegal-sentence exception to the PCCR time-bar also fails. For these reasons, we affirm the circuit court's decision.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF PERRY COUNTY IS**

5

**AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PERRY COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**