# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00691-COA

**EDWARD BARNES A/K/A EDWARD BARNES III**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/2016 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: LISA D. COLLUMS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KATY TAYLOR GERBER |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/05/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND TINDELL, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     On July 13, 2015, Edward Barnes III was indicted for failure to register as a convicted sex offender, specifically that he violated Mississippi Code Annotated section 45-33-25(4)(a) (Rev. 2015), which prohibited him from residing "within three thousand (3,000) feet of . . . a public or nonpublic elementary or secondary school, a child care facility, a residential child-caring agency, a children's group care home or any playground, ballpark or other

recreational facility utilized by persons under the age of eighteen (18) years."[1] Although the initial indictment alleged Barnes was a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015), the State subsequently moved to amend the indictment to reflect habitual-offender status under Mississippi Code Annotated section 99-19-83 (Rev. 2015). The motion stated that Barnes had been convicted of:

(1) armed robbery on June 28, 1995, with a sentence of five years in the custody of the Mississippi Department of Corrections (MDOC), serving at least one year and one day of the term;

(2) statutory rape on October 9, 2001, with a sentence of five years in MDOC custody, serving at least one year and one day of the term;

(3) failure to register as a convicted sex offender on September 24, 2007, with a sentence of five years in MDOC custody, serving at least one year and one day of the term; and

(4) burglary of a dwelling on May 7, 2012, with a sentence of eight years in MDOC custody, serving at least one year and one day of the term.

The Harrison County Circuit Court, First Judicial District, granted the State's motion to amend.

¶2. A jury trial was held on September 21, 2016. Jessica Akers, the registrar for the Harrison County Sheriff's Department, testified that "sex offenders must register all addresses that they live at between 10:00 p.m. and 6:00 a.m. for seven or more consecutive days." She noted the various requirements with which a convicted sex offender has to comply, including the proximity restriction that prohibited Barnes from residing within three thousand feet of any schools, child-care facilities, playgrounds, ballparks, or recreational

---

[1] Barnes was convicted of statutory rape on October 9, 2001. The parties stipulated to this conviction at trial.

facilities utilized by children under the age of eighteen. When Akers met with Barnes on September 9, 2014, for a registration visit, she went over the requirements on the registration form with Barnes. He signed the form and acknowledged the individual requirements by putting his initials by each one listed. When Akers later entered the address provided by Barnes, she noted a proximity violation—the address was four hundred (400) feet from a day care center. To verify the proximity violation, Akers searched for the location on a Google Earth map and called the day care center to make sure it was still in operation. After verification of the address, Akers sent Barnes a letter on September 26, 2014, notifying him of the violation and giving him fifteen days to relocate and register a new address. The letter stated that failure to relocate and register a new address would "result in the issuance of a felony warrant for [Barnes's] arrest." Barnes never responded to the letter.

¶3.     Wade Bryant, an investigator with the sheriff's department, testified that on February 2, 2015, he went to the address provided by Barnes to follow up on the violation. He spoke with Barnes's mother, and she confirmed that Barnes had been staying there and showed the officer his bedroom. Officer Bryant noted some male clothing in the room, and he confirmed the address's proximity to the day care center. Officer Bryant later interviewed Barnes, who admitted that he lived at the address and knew it was within a prohibited location. Barnes explained to Officer Bryant that he had nowhere else to live. On cross-examination, both Akers and Officer Bryant acknowledged that neither had informed Barnes he could register as homeless and be in compliance with the requirements. After the circuit court denied the defense's motion for a directed verdict, the defense rested.

3

¶4. The jury found Barnes guilty of the charge, and the trial judge sentenced him as a habitual offender to life without parole in the custody of the Mississippi Department of Corrections. Barnes filed a motion for a new trial or, in the alternative, for a judgment notwithstanding the verdict, asserting that there was insufficient evidence to support the verdict and had sheriff's personnel informed him he could have registered as homeless, he would have been in compliance with the sex-offender registration laws. The trial court denied the motion, and Barnes appeals. Finding no error, we affirm.

**DISCUSSION**

¶5. As in his posttrial motion, Barnes argues that his conviction should be reversed because he was never advised that he could register as a homeless person. We presume this claim is a challenge to the sufficiency of the evidence. However, Barnes does not cite any authority in his brief to support his claim. "[I]t is the duty of the appellant to provide authority in support of an assignment of error." *Byrd v. State*, 179 So. 3d 64, 66 (¶7) (Miss. Ct. App. 2015) (quoting *Young v. State*, 919 So. 2d 1047, 1049 (¶5) (Miss. Ct. App. 2005)). "Failure to cite legal authority in support of an issue is a procedural bar on appeal." *Id*.

¶6. Procedural bar notwithstanding, we find no basis for Barnes's claim. The Mississippi Supreme Court has stated that "[w]hen reviewing the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Gary v. State*, 237 So. 3d 140, 147 (¶35) (Miss. 2018) (quoting *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005), abrogated on other grounds by *Little*

4

*v. State*, 233 So. 3d 288, 292 (Miss. 2017)). Barnes was charged with "willfully, unlawfully and feloniously" living and residing within three thousand feet of a day care center in Harrison County. Barnes stipulated that he had been previously convicted of a sex offense requiring registration. He admitted to Officer Bryant that he resided at his mother's Harrison County address and knew the house's proximity to a day care center violated the sex-offender registration requirements.

¶7. Barnes's reasoning was that he had nowhere else to go. But while Akers acknowledged that an offender who does not have a place to stay may register as homeless, Barnes never asked Akers what he should do in this case, and as she noted, "[t]here was nothing to stop him from asking." After Akers informed Barnes by letter that he was in violation of the proximity requirement, Barnes failed to contact the sheriff's department to explain his predicament. Instead he continued to live at his mother's home for six months without responding to the registrar about the violation or making any attempt to relocate. Further, Barnes could not register as "homeless" when he was, in fact, residing in his mother's home.

¶8. Accordingly, because Barnes resided at his mother's home with full knowledge that he was in direct violation of the sex-offender registration requirements, we find that the evidence was sufficient to support the verdict, and we affirm the trial court's judgment.

¶9. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**