## 29681. DEAN v. WHALEN.

PER CURIAM.

Appellant entered guilty pleas to a violation of the Georgia Drug Abuse Control Act, illegal possession of non-tax-paid cigarettes, and illegal sale of liquor. He received fines and consecutive sentences totaling four years. The sentencing judge placed the appellant on probation for four years under the usual terms plus special terms providing (1) that appellant close his business known as Mid-Way Truck Stop and give a power of sale to an attorney to sell the same upon reasonable conditions, and (2) that appellant move his residence out of the state. Thereafter this action of habeas corpus was filed against the sentencing judge attacking the sentences on various grounds and the two special conditions of probation. The sentencing judge recused himself and the habeas corpus action was heard by another judge. The habeas judge found the attacks against the validity of the sentences were without merit. We affirm. A transcript of the record of the guilty pleas shows clearly that the pleas were voluntarily, knowingly and intelligently entered to proper indictments with appellant's competent counsel present. With respect to the special conditions of probation the habeas judge found the appellant had waived any right to complain of the first condition relating to the sale of the Mid-Way Truck Stop but that the second condition banished appellant from this state contrary to the provisions of the Georgia Constitution. Code § 2-107. The habeas judge therefore altered this condition of probation and directed the appellant to remove his residence beyond a stated fourteen county area. We vacate the judgment of the habeas judge

concerning the conditions of probation because we conclude that, in light of the availability of Code Ann. § 27-2709 (as amended, Ga. L. 1972, pp. 604, 609) habeas corpus is not the appropriate remedy here. If the conditions of probation are believed to be illegal the appellant may apply for modification under the provisions of Code Ann. § 27-2709 which continues jurisdiction of probation in the sentencing judge. By vacating these portions of the judgment we express no opinion upon the merits of these attacks.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED FEBRUARY 24, 1975 — DECIDED APRIL 17, 1975.

*Pekor, Tucker & Clark, Jerry R. Tucker, Sr.,* for appellant.
*Ben J. Miller, District Attorney,* for appellee.