72930. TAYLOR v. THE STATE.
(351 SE2d 723)

MCMURRAY, Presiding Judge.

The defendant was indicted on March 7, 1983, for possession of marijuana. The offense occurred on September 22, 1982. On September 19, 1983, after entering a plea of guilty, the defendant was sentenced to three years in confinement followed by four years on probation upon the condition that he pay a $5,000 fine. On October 20, 1983, the trial court entered an order stating that "*ALL* of defendant's sentence shall operate under the First Offender Act."[1] The defendant did not appeal from his sentence. After the defendant served his time in confinement, on September 5, 1985, he filed with the trial court a "MOTION TO VACATE SENTENCE OF PROBATION AND FINE." The trial court denied this motion and the defendant appeals. *Held*:

1. Although a trial court's authority to reconsider, vacate or modify a sentence ends with the conclusion of the term of court in which the sentence was entered, *Stonecypher v. State*, 168 Ga. App. 507 (308 SE2d 639), under OCGA § 42-8-34 (g), a sentencing judge is empowered to modify or change a probated sentence at any time during the term of probation. *Dean v. Whalen*, 234 Ga. 182, 183 (215 SE2d 7); *Burns v. State*, 153 Ga. App. 529, 530 (265 SE2d 859). Consequently, since the defendant remained on probation after serving time in confinement, the trial court had authority to consider the de-

---

[1] From this sentence, it appears that the trial court sentenced the defendant under Georgia's First Offender Act which became effective on November 1, 1982. This statute deviated from the former First Offender Act by authorizing a sentence which included a term of confinement for first offenders.

fendant's motion to vacate the sentence.

2. Defendant contends that the trial court erred in sentencing him under the Georgia First Offender Act, effective November 1, 1982, for a crime he committed on September 22, 1982. Defendant contends that the sentence he received violated the ex post facto prohibition of Art. I, Sec. X, of the United States Constitution. We agree.

"[T]he only statute under which [the defendant] could be constitutionally sentenced as [a first offender] was that which was in effect at the time the crime was actually committed on [September 22, 1982]. That statute, former OCGA § 42-8-60 (Code Ann. § 27-2727), made no provision whatsoever for sentencing a first offender to a term in confinement but . . . provided only that a first offender sentenced thereunder could be placed on probation. It is this very change in the law allowing a first offender to be sentenced to a term in confinement which is the constitutional bar to its ex post facto use as the operative statute for sentencing [the defendant] in the instant case as [a first offender]." *Hahn v. State*, 166 Ga. App. 71, 72 (1) (303 SE2d 299). Consequently, the defendant's sentence in the case sub judice is void and must be reversed.

3. The pivotal question presented in the defendant's remaining argument is: Where does the defendant stand in "the system" now that his sentence has been declared void because of ex post facto application of Georgia's current First Offender Act? The answer to this question is found in this court's holding in *Hahn v. State*, 166 Ga. App. 71 (2), supra.

In *Hahn* appellants pleaded nolo contendere to the crime of burglary and they were sentenced under the First Offender Act which became effective after the alleged burglary was committed. This court declared appellants' sentences void because of an ex post facto application of the amended First Offender Act and then outlined appellants' posture in "the system" in light of their void sentences as follows: In *Hahn* we held: "Since the sentences which were pronounced in the instant case were void and have been reversed, appellants at their election are at this time free to withdraw their pleas or to adhere to them. If appellants elect to adhere to their pleas of nolo contendere, we do not intimate in this opinion that they must thereafter be sentenced under the former First Offender Act. As we have held, appellants have no right generally to be sentenced as first offenders. Their only right is to be sentenced under the appropriate statute should the trial judge, in his discretion, choose to impose a first offender sentence. Having succeeded in obtaining a reversal of their sentences, appellants stand before the trial court with pleas of nolo contendere to the crime of burglary. They may withdraw those pleas before sentence is pronounced or, if they do not, receive any sentence which would be appropriate for the crime of burglary." *Hahn v.*

*State*, 166 Ga. App. 71, 75 (2), supra.

In the case sub judice, the defendant stands in like posture. He may withdraw his guilty plea before sentence is pronounced or, if he does not withdraw his plea, he may receive any sentence which would be appropriate for the crime of possession of marijuana. (See *State v. Germany*, 246 Ga. 455 (1) (271 SE2d 851) and Daniel, Ga. Crim. Trial Prac., (1985 ed.), § 16-5 with regard to defendant's right to withdraw his guilty plea prior to sentencing.) In any event, the defendant is entitled to receive full credit for the time he has served on the current sentence. *North Carolina v. Pearce*, 395 U. S. 711, 717-719 (1) (89 SC 2072, 23 LE2d 656). Further, since the defendant must be re-sentenced by the trial judge for a crime for which he has previously been sentenced, due process requires that there be a finding of fact justifying a greater sentence, if any, before such a sentence may be imposed. *North Carolina v. Pearce*, 395 U. S. 711, 723-726 (3), supra; *Hewell v. State*, 238 Ga. 578 (1) (234 SE2d 497). See Daniel, Ga. Crim. Trial Prac., § 26-26. While this is the rule applied in cases where the defendant has been retried after a new trial was granted, we see no reason why this standard should not be applied under the circumstances of the case sub judice.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED DECEMBER 5, 1986.

*Steven H. Sadow*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.