## A94A2203. EDWARDS v. THE STATE.
(456 SE2d 213)

Pope, Presiding Judge.

Defendant entered guilty pleas to the offenses of statutory rape, child molestation and sodomy, and was sentenced to 18 years, 12 years to serve on the statutory rape charge, and to probation on the remaining counts. While defendant was serving the probated portion of his sentence, the State filed a petition to modify/revoke defendant's probation because defendant refused to undergo sex-offender treatment after being instructed to do so by his probation supervisor. According to the State, this was a violation of the condition of defendant's probation that he obey all instructions of his probation supervisor. The trial court subsequently entered an order modifying the conditions of defendant's probation by requiring defendant to enter and successfully complete an appropriate sex-offender treatment program, to be paid for by defendant. Defendant appeals from that order, enumerating three errors.

1. Defendant acknowledges the trial court's authority to require a sex offender to undergo treatment as a condition of a probated sentence, but argues that in this case the trial court was without authority to add this condition after he began serving his probated sentence. We reject this contention. "[U]nder OCGA § 42-8-34 (g), a sentencing judge is empowered to modify or change a probated sentence at any time during the term of probation. [Cits.] Consequently, since the defendant remained on probation after serving time in confinement, the trial court had authority to [modify the terms of defendant's probated sentence so as to add the condition that defendant obtain treatment]." *Taylor v. State*, 181 Ga. App. 199 (1) (351 SE2d 723) (1986). See also *State v. James*, 211 Ga. App. 149, 150-151 (438 SE2d 399) (1993).

2. In a related argument, defendant contends his alleged violation of the condition that he obey the instructions of his probation supervisor could not be used as a basis for modifying his probated sentence, in that such condition was too vague and ambiguous to be enforceable. However, our holding in Division 1 establishes that the trial court retains authority to modify the conditions of probation whether or not there has been a violation of existing provisions. Thus, it is unnecessary for us to consider whether the alleged violation of the condition requiring defendant to obey the instructions of his probation supervisor constituted an additional basis for the modification in this case.

3. Defendant also contends that the addition of the condition that he obtain treatment constituted an impermissible increase in his sentence. We disagree. The purpose of the additional condition was clearly and completely rehabilitative, and cannot be logically con-

strued to constitute the imposition of an additional punishment. Cf. *Harris v. State*, 261 Ga. 859 (413 SE2d 439) (1992). Defendant's third enumeration is thus also without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JANUARY 12, 1995 —
RECONSIDERATION DENIED MARCH 17, 1995.

*Scott K. Camp*, for appellant.
*David McDade, District Attorney, Jackie N. Stanton, Assistant District Attorney*, for appellee.