A98A0676. STALEY v. THE STATE.
(505 SE2d 491)

BEASLEY, Judge.

In 1984 Edward Staley pleaded guilty to multiple counts of child molestation and cruelty to children and was sentenced to two consecutive twenty-year terms, the second to be served on probation subject to certain conditions which were termed "general." They were "THAT defendant not violate any State or Federal laws to be adjudged by the Court; THAT defendant make regular reports to the Adult Probation Officer of DeKalb County as directed; THAT defendant keep the Adult Probation Officer of DeKalb County informed at all times of the defendant's place of employment and residence address." A specific individualized condition was also imposed, which is not material here.

Staley was released on probation after serving about six and one-half years in prison. In 1993 he signed a probation office document, as did his probation officer, detailing the conditions of probation. One was that he "Notify [his] Probation Officer immediately of any change of address [and] Obtain prior permission to move outside the jurisdiction of the Court or leave the State for any period of time." Another was that "If permitted to move or travel to another state, [he] agree to waive extradition from any jurisdiction where [he] may be found and not contest any effort by any jurisdiction to return [him] to this state."[1] Although in his argument on appeal he questions the authority for this document, its enforcement and validity are not the subject of any enumeration of error.

A few months later probation was revoked for two years. After probation was resumed, it was again revoked in April 1995, this time for one year. He was returned to probation in December 1995.

In June 1997 the probation officer filed a petition for "modification/revocation" which charged that Staley "has left the state without

---

[1] OCGA § 42-8-35 (12) lists this as an appropriate condition of probation.

permission of the Department of Corrections." The petition also contained a request that the court "Further clarify the conditions of probation concerning interstate travel." A hearing before the trial court resulted in the order submitted for review on appeal. It did not revoke probation but focused instead on travel, ruling that pursuant to the terms of the original sentence the probation office was authorized to require Staley "to submit any out of state travel plans to his probation officer so that the Probation Department may act in compliance with the Interstate Compact as it relates to interstate travel of sex offenders." As explained in the order, the court did not view this requirement as an additional condition or as a modification of the conditions. As evident at the hearing, the court viewed it instead as a clarification of existing conditions.

Staley disagrees with the court's characterization of its order. On appeal, Staley challenges the order, claiming that it increased his sentence. An increase in punishment after it has begun, he contends, is forbidden by both federal and state double jeopardy prohibitions, deprives him of due process rights, and violates ex post facto constitutional provisions. These valid principles were not overstepped in his case because the court did not increase his sentence or, more specifically, the conditions of probation.

OCGA § 17-10-1 (a) (1) authorizes a judge to "probate all or any part of [a] sentence under such rules and regulations as the judge deems proper." This has been construed to give sentencing judges broad discretion in fashioning appropriate conditions of probation, tailored to the individual defendant's circumstances as well as the interests of society and the victim.[2] The original sentence required regular reports by defendant to the probation officer as directed, a provision with which appellant has no quarrel. And for good reason; OCGA § 42-8-35 (3) explicitly lists this term as an appropriate condition of probation. The trial court's order can be read as simply confirming that "reports" include plans for interstate travel. The giving of information about his impending presence elsewhere, about where he may be located if he leaves Georgia's borders, constitutes no more than reporting and does not amount to an increase in punishment. Since it is apparent that defendant did engage in out-of-state travel from time to time, it was not inappropriate for the court to make clear that reporting in advance that travel to a certain location for a particular period of time was imminent constituted part of what was embraced by the originally imposed reporting requirement. The court's confirmation that this was necessary recognizes that the probation supervisor's duty is to "keep informed concerning the conduct,

---

[2] *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974).

habits, associates, employment, recreation, and whereabouts of the probationer by visits, by requiring reports, or in other ways." OCGA § 42-8-29.

Were this considered a modification of probation, it would still be within the confines of the law. OCGA § 42-8-34 (g) empowers the judge, "in any manner deemed advisable by the judge, to modify or change the probated sentence at any time during the period of time originally prescribed for the probated sentence to run." Of course, this has limits. The court "may not increase a sentence once the defendant begins serving it without violating the prohibition against double jeopardy in both the Georgia and Federal constitutions. [Cits.]"[3] A change in the conditions of probation is not necessarily an increase in sentence. For example, an addition which is clearly and completely rehabilitative does not constitute an additional punishment.[4] It is future-oriented, aimed wholly at effecting future positive behavior, rather than retrospective, principally extracting a price for past negative behavior.

"[A] person occupies a special status while on probation, during which time his private life and behavior may be regulated by the State to an extent that would be completely untenable under ordinary circumstances. The rationale for this power is basically, of course, that the person has been convicted of a crime and would be serving a sentence but for the grace of the court. He is a prima facie risk to society. It will, however, allow him the opportunity to prove himself otherwise. Nevertheless, once having shown weakness, he may not place himself in a position to be easily tempted again. Such conditions of probation as avoiding 'undesirable people,' abstaining from alcohol or drugs, and even holding a steady job, fall into the 'no temptation' category. Others, such as violating no penal laws, are self-evident. Requirements for reporting to a probation officer and remaining in the jurisdiction are basically devices for checking on the efficacy of the probation."[5] Even a requirement to remain in a certain geographic area may be logically related to the rehabilitative scheme of the sentence imposed.[6]

Staley has not shown by the record that the order curtails his ability to travel to other states. It is unclear to what "Interstate Compact" the trial court referred. Staley claims the compact is the Interstate Compact for the Supervision of Parolees and Probationers, yet

---

[3] *Harris v. State*, 261 Ga. 859, 860 (2) (413 SE2d 439) (1992) (restitution is punishment when ordered as part of a criminal sentence, and the trial court cannot increase punishment after sentencing); *England v. Newton*, 238 Ga. 534, 536 (233 SE2d 787) (1977) ("the revoking court may not increase the original sentence").

[4] *Edwards v. State*, 216 Ga. App. 740 (3) (456 SE2d 213) (1995).

[5] *Inman v. State*, 124 Ga. App. 190, 193-194 (2) (183 SE2d 413) (1971).

[6] *State v. Collett*, supra, 232 Ga. at 670.

he provides no citation for it and it is not in the record. OCGA § 42-9-71, the Uniform Act for Out-Of-State Parolee Supervision, authorizes the Governor to execute compacts between Georgia and any other state regarding supervision of probationers and parolees who change residence from one state to another, but it does not mention monitoring those who simply travel from one state to another or provide that travel can be denied.[7]

The trial court order refers to "the Interstate Compact as it relates to interstate travel of sex offenders." There is federal and state legislation providing for registration of sexually violent persons. The federal law is 42 USC § 14071 and is known as the "Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program." It encourages states to provide for mandatory registration with law enforcement officials of persons convicted of an offense against a minor or a sexually violent offense.[8] OCGA § 42-1-12 is the corresponding Georgia law. But it is not a compact, nor does it authorize Georgia to enter into one.

Also, the registration requirements of the Georgia law are effective only for persons convicted on or after July 1, 1996,[9] or for persons who have previously committed an applicable offense where they are released from prison or placed on parole, supervised release, or probation on or after the same date.[10] Staley was placed on probation before that date.

Neither the federal law nor Georgia's enactment requires advance notice of state-to-state travel. Generally speaking, the Georgia law requires registration of name and address and of any change of residence to or from another state and Georgia.[11] Persons subject to the statute are required to register annually; violent "predators" are required to register quarterly.[12]

The imposition of interstate travel monitoring on probationer Staley is not an abuse of discretion, for it logically relates to assuring compliance with other terms of supervisory probation and it does not increase Staley's sentence. Further, Staley has not shown that his travel is restricted by the order. The order does not violate double jeopardy or ex post facto prohibitions or due process in either the state or federal Constitution in the manner argued by Staley because it is not additional punishment.

*Farmer v. State*[13] is not contrary precedent. The State sought to

---

[7] Id.

[8] 42 USC § 14071 (a) (1) (A).

[9] OCGA § 42-1-12 (a) (8) & (b) (1) (A).

[10] OCGA § 42-1-12 (b) (1) (A) (ii).

[11] OCGA § 42-1-12 (b) (1), (b) (3) (A) & (D), (f).

[12] OCGA § 42-1-12 (d) (1) & (2).

[13] 216 Ga. App. 515, 519-520 (5) (a) (455 SE2d 297) (1995).

revoke Farmer's probation based on the probation officer's assertion that Farmer violated a term of probation never prescribed by the court. Staley's probation was not revoked; the terms of probation were merely clarified, after a hearing. No increase of sentence resulted.

Neither does this conclusion conflict with *Harris*, which involved an increase in punishment,[14] or with *Edwards*, which involved a "completely rehabilitative" condition.[15]

Staley's remaining arguments are without merit.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

### ON MOTION FOR RECONSIDERATION.

Staley's motion for reconsideration contends that we erred because there is evidence Staley's ability to travel is restricted by the trial court's order, and he moves to supplement the record with his own affidavit and an exhibit purporting to show the nature of these restrictions.

Because this affidavit is not a part of the record below, it cannot now be considered. *Champion Mgmt. Assn. v. McGahee*, 227 Ga. App. 895, 896 (2) (490 SE2d 215) (1997); *Paul v. Joseph*, 212 Ga. App. 122, 125 (2) (441 SE2d 762) (1994); *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235, 236 (2) (424 SE2d 807) (1992).

*Motion to supplement the record and motion for reconsideration denied.*

DECIDED JUNE 24, 1998 —
RECONSIDERATION DENIED JULY 28, 1998 —

*George M. Johnson*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Jacqueline S. Hardy, Assistant District Attorneys*, for appellee.

---

[14] *Harris v. State*, supra, 261 Ga. at 860 (2).
[15] *Edwards v. State*, supra, 216 Ga. App. at 740-741 (3).