A01A1970. GOULD v. PATTERSON et al.
(560 SE2d 37)

Andrews, Presiding Judge.

While serving the probated portion of the sentence imposed on him for conviction of child molestation and solicitation of prostitution, Carl Gould filed suit pursuant to 42 USC § 1983 seeking damages against his probation officer (David Patterson), the Georgia Department of Corrections, the Medlin Treatment Center (where he received sex offender treatment pursuant to the terms of his probation), and Randi Stephens (an employee of Medlin). He alleged that, when the sentencing trial court modified the terms of his probation to require sex offender treatment at his expense after he began serving his sentence, this constituted an illegal increase in his sentence and violated his constitutional rights. In appealing from the trial court's dismissal of the suit, Gould enumerates as error that: (1) the Code section (OCGA § 42-8-34 (g)) pursuant to which the trial court modified his probation is unconstitutional; (2) the modification of his probation violated due process and the double jeopardy clause of the Fifth Amendment; and (3) the sex offender treatment he was required to attend imposed conditions on him which violated his Fifth Amendment privilege against self-incrimination. For the reasons which follow, we find no merit to these claims and affirm the trial court.

1. The constitutionality of OCGA § 42-8-34 (g) was not raised or ruled on in the trial court, so Gould failed to preserve this claim for appellate review.

Gould was convicted of child molestation and solicitation of prostitution and sentenced to serve a term of incarceration followed by a term of probation. After he completed his term of incarceration, the sentencing trial court exercised its continuing jurisdiction during the term of probation and modified the conditions of probation pursuant to OCGA § 42-8-34 (g) by requiring Gould to undergo sex offender treatment at his expense. Gould filed suit pursuant to 42 USC § 1983 challenging the modification and appealed dismissal of the suit to the

Supreme Court of Georgia. The Supreme Court transferred the appeal to this Court by an order which held that the constitutionality of OCGA § 42-8-34 (g) was neither raised by Gould nor ruled on by the trial court. It follows from this holding that the constitutionality issue was not preserved for review in the Supreme Court or this Court. *Archie v. Scott*, 190 Ga. App. 145, 146 (378 SE2d 182) (1989).

2. Gould claims the sentencing trial court's modification of his probation under OCGA § 42-8-34 (g) violated due process and the Fifth Amendment double jeopardy clause because it constituted an increase in his sentence and was done without a hearing or a second trial.

No notice, hearing, or second trial was required for the sentencing trial court to modify the conditions of Gould's probation by requiring him to undergo sex offender treatment at his expense. Although an increase in Gould's sentence after he began serving it would violate the prohibition against double jeopardy in the Georgia and United States Constitutions, the trial court's modification of Gould's probation did not increase his sentence. *Edwards v. State*, 216 Ga. App. 740-741 (456 SE2d 213) (1995). The purpose of the modification requiring sex offender treatment was clearly rehabilitative, so it cannot be construed to constitute the imposition of additional punishment or an impermissible increase in the sentence. Id.; *Staley v. State*, 233 Ga. App. 597, 598-601 (505 SE2d 491) (1998); *England v. Newton*, 238 Ga. 534 (233 SE2d 787) (1977); compare *Harp v. State*, 228 Ga. App. 473, 474-475 (491 SE2d 923) (1997); *Harris v. State*, 261 Ga. 859, 860-861 (413 SE2d 439) (1992).

Moreover, due process did not require that Gould be afforded prior notice, a hearing, or counsel before the trial court modified the conditions of his probation. Because modification of probation does not result in the same loss of liberty as a probation revocation (where a hearing is required), there was no infringement of Gould's due process rights. See *United States v. Cornwell*, 625 F2d 686 (5th Cir. 1980), cert. denied, *Cornwell v. United States*, 449 U. S. 1066 (101 SC 794, 66 LE2d 610) (1980).

3. Gould also contends that his Fifth Amendment privilege against self-incrimination was violated because he was told by Stephens, a therapist in the sex offender treatment program, that he was required to admit committing the crimes for which he was convicted or he would be terminated from the program. According to Gould, he testified at his criminal trial that he did not commit the crimes for which he was convicted, so he refused to state as part of the sex offender treatment that he committed the crimes. Gould claims that, if he stated he committed the crimes, he would incriminate himself on possible future charges that he falsely asserted his innocence at trial under oath.

Since according to Gould he has said nothing which could be used to incriminate him on any future charge, we find no violation of his Fifth Amendment right against self-incrimination. In any event, if there is a rational basis for Gould to believe that answering a question posed to him could incriminate him in future criminal proceedings, and he invokes his Fifth Amendment privilege, he may refuse to answer without penalty until he is "assured that neither [the answer] nor its fruits may be used against him in a subsequent criminal proceeding." (Punctuation omitted.) *Minnesota v. Murphy*, 465 U. S. 420, 429 (II) (B) (104 SC 1136, 79 LE2d 409) (1984).

4. In the present case, the trial court dismissed Gould's 42 USC § 1983 suit after consideration of the merits. We conclude, however, that most of the suit was subject to being dismissed because the claims were not ripe for consideration under *Heck v. Humphrey*, 512 U. S. 477 (114 SC 2364, 129 LE2d 383) (1994). In *Heck*, the Supreme Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by . . . issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

(Citation and emphasis omitted.) Id. at 486-487 (II). Thus, *Heck* requires that the trial court "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487 (II).

In the present 42 USC § 1983 suit, most of Gould's claims, if successful, would necessarily imply the invalidity of the probationary portion of the sentence imposed by the trial court. *Heck* has been applied to § 1983 suits that call into question the fact or duration of probation. *Jackson v. Vannoy*, 49 F3d 175 (5th Cir. 1995), cert. denied, 516 U. S. 851 (116 SC 148, 133 LE2d 93) (1995). Since Gould did not show that the terms of his probation have been invalidated, nor has he exercised his right to petition the sentencing trial court to modify and invalidate the allegedly illegal terms under OCGA § 42-8-34 (*Dean v. Whalen*, 234 Ga. 182 (215 SE2d 7) (1975)), these claims were subject to being dismissed without prejudice under *Heck*.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED JANUARY 16, 2002 —
RECONSIDERATION DENIED FEBRUARY 7, 2002.

James A. Satcher, Jr., for appellant.
Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, John C. Jones, Eddie Snelling, Senior Assistant Attorneys General, for appellees.