A09A1463. TYSON v. THE STATE.
(687 SE2d 284)

BERNES, Judge.

Korey Tyson pled guilty to two counts of burglary and was sentenced by the trial court. The trial court subsequently modified the probationary portion of his sentence by imposing a condition which banished him from the subdivision in which he committed the burglaries. Tyson appeals the modification of his sentence arguing that the trial court lacked the authority to modify his sentence and also that the modification unlawfully increased his sentence. We find no error and affirm.

The record shows that Tyson entered a guilty plea to two counts

of burglary on August 8, 2008. The trial court sentenced Tyson to ten years, ninety to one hundred twenty days to be served in a probation detention center with the remainder to be served on probation. Both the plea and the sentence were entered during the April term of court. See OCGA § 15-6-3 (36) (A).[1]

On September 30, 2008, within the April term of court, the state filed a "MOTION TO RECONSIDER AND MODIFY SENTENCE," requesting that Tyson be prohibited from living near the victims of the burglaries for the duration of his sentence. As grounds for the motion, the state alleged that at the time of the burglaries, Tyson was living with his grandmother at a residence "very near" to the victims. The state further alleged that the victims feared Tyson's return to the neighborhood and that they expected "retaliation" or "at least harassment" from the defendant upon his release.

On January 29, 2009, the trial court conducted an evidentiary hearing on the motion during which the court heard evidence from the "victims and concerned citizens in the neighborhood" where the burglaries occurred. The trial court thereafter, in February 2009, during the October term of court, entered orders modifying the probated portion of Tyson's sentence by imposing a condition banishing him from the subdivision where the burglaries occurred.

1. Tyson contends that the trial court lacked the authority to modify his sentence because the order was not entered during the same term of court in which the original sentence had been rendered. In support of his argument, Tyson relies on the oft-cited principle that, "[a] trial court's authority to vacate or modify a sentence ends when the term of court in which the judgment was entered expires." (Footnote omitted.) *King v. State*, 290 Ga. App. 118, 122 (3) (658 SE2d 883) (2008).

Tyson's argument fails for two distinct reasons, both of which are fatal to his claim. First, although the trial court's order modifying his probated sentence was not entered until the subsequent term of court, the state filed its motion to modify the sentence within the April 2008 term, the same term in which the sentence was originally rendered. "Georgia courts have long held that while a trial judge loses the inherent right to modify a judgment after the term expires, a motion made during the term serves to extend the power to modify." (Citation omitted.) *Porterfield v. State*, 139 Ga. App. 553, 554 (228 SE2d 722) (1976). See *State v. Fredericks*, 256 Ga. App. 401, 402-403 (568 SE2d 489) (2002); *State v. Bradbury*, 167 Ga. App. 390, 392 (4) (306 SE2d 346) (1983).

---

[1] Lee County has two terms of court, an April term and an October term. OCGA § 15-6-3 (36) (A).

Second, the principle relied on by Tyson and set forth in *King* precludes the modification of the confinement portion of a defendant's sentence after the term of court in which it is rendered has expired. See *State v. Stulb*, 296 Ga. 510, 513 (675 SE2d 253) (2009); *Burns v. State*, 153 Ga. App. 529, 530 (265 SE2d 859) (1980); *State v. Hinson*, 164 Ga. App. 66, 67-68 (296 SE2d 386) (1982). See also *King*, 290 Ga. App. at 121-122 (3). In contrast, the Georgia Legislature has expressly authorized a trial court "to revoke any or all of the probated sentence, rescind any or all of the sentence, or, in any manner deemed advisable by the judge, modify or change the probated sentence . . . at any time during the period of time prescribed for the probated sentence to run." OCGA § 42-8-34 (g); *Taylor v. State*, 181 Ga. App. 199 (1) (351 SE2d 723) (1986) ("Although a trial court's authority to reconsider, vacate or modify a sentence ends with the conclusion of the term of court in which the sentence was entered, under OCGA § 42-8-34 (g), a sentencing judge is empowered to modify or change a probated sentence at any time during the term of probation.") (citation omitted). See also *Edwards v. State*, 216 Ga. App. 740 (1) (456 SE2d 213) (1995). Tyson's assertion that the statutory authority set forth in OCGA § 42-8-34 (g) permits the modification of a probated sentence only after the terms of probation have been violated contravenes both the plain language of the statute as well as precedent from our appellate courts. See id. It follows that the trial court retained jurisdiction to modify the terms of Tyson's probation.

2. Tyson further argues that the trial court's modification banishing him from the subdivision where the burglaries occurred constituted an unlawful increase in his sentence. It is well established in Georgia jurisprudence that "the sentencing court may not increase a sentence once the defendant begins serving it without violating the prohibition against double jeopardy in both the Georgia and Federal constitutions." *Harris v. State*, 261 Ga. 859, 860-861 (2) (413 SE2d 439) (1992). See *Reese v. State*, 296 Ga. App. 186, 188 (3) (b), (c) (674 SE2d 68) (2009); *Edge v. State*, 194 Ga. App. 466, 467 (391 SE2d 18) (1990); *Jones v. State*, 155 Ga. App. 382, 383 (1) (271 SE2d 30) (1980).

While we agree with Tyson's legal premise, it is inapplicable to this case. The Georgia Legislature has expressly provided that banishment, used reasonably within the trial court's discretion, is a valid term and condition of probation. See OCGA § 42-8-35 (6) (A); *Terry v. Hamrick*, 284 Ga. 24, 26-27 (3) (663 SE2d 256) (2008) (noting that the condition of banishment "must not be unreasonable or otherwise fail to bear a logical relationship to the rehabilitative scheme of the sentence pronounced") (citation and punctuation omitted); *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974);

YALE LAW LIBRARY

*Parrish v. State*, 182 Ga. App. 247, 248 (2) (355 SE2d 682) (1987). Probationary terms and conditions can be modified by the trial judge at any time during the probated sentence. See OCGA § 42-8-34 (g); *Gould v. Patterson*, 253 Ga. App. 603, 604 (2) (560 SE2d 37) (2002); *Edwards*, 216 Ga. App. at 740 (1).

The trial court's original sentencing order included as a special condition of probation that Tyson was to avoid all contact with the burglary victims, each of whom lived in the subdivision at issue. To the extent that the modified sentence simply clarified the scope of that special condition, it was contemplated within the terms of the original sentence. See OCGA § 42-8-34 (g); *Gould*, 253 Ga. App. at 604 (2); *Edwards*, 216 Ga. App. at 740 (1). Compare *Harp v. State*, 228 Ga. App. 473, 475 (491 SE2d 923) (1997).

Moreover, and significantly, the record does not contain a transcript of the hearing during which the trial court considered the state's motion to reconsider and modify sentence, nor does it contain any information about Tyson's residential history and/or Tyson's history with the victims or other residents in the subdivison. The banishment provision, however, was reasonable, narrow in scope, and included only the subdivision in which the victims resided. The Supreme Court of Georgia has stated that, under certain circumstances, banishment serves valid rehabilitative purposes. See *Terry*, 284 Ga. at 26-27 (3); *Shook v. State*, 300 Ga. App. 59, 60-61 (3) (684 SE2d 129) (2009). And, we have held that modifications of probationary conditions that are rehabilitative, as opposed to punitive, do not constitute the imposition of additional punishment. *Gould*, 253 Ga. App. at 604 (2). In the absence of a hearing transcript or any record evidence to the contrary, we must presume that the trial court properly considered the evidence before it and acted lawfully when it banned him from the subdivision where the burglaries occurred. See *Conley v. State*, 281 Ga. App. 841, 842-843 (1) (637 SE2d 438) (2006).

*Judgment affirmed. Smith, P. J., concurs. Phipps, J., concurs in judgment only.*

DECIDED NOVEMBER 23, 2009.

*Kevin Kwashnak*, for appellant.
*Plez H. Hardin, District Attorney*, for appellee.