## S10G1958. STEPHENS v. THE STATE.

(716 SE2d 154)

NAHMIAS, Justice.

Appellant Bradley Stephens was convicted of incest against his stepdaughter, following sexual abuse that began when the victim was five years old and continued until she was sixteen, when he impregnated her and took her to get an abortion. The trial court sentenced Appellant to twenty years in prison, with the first ten years to be served in confinement and the balance to be served on probation with a number of special conditions. The Court of Appeals affirmed Appellant's conviction but vacated his sentence and remanded the case for resentencing due to the trial court's erroneous imposition of special conditions of parole in addition to special conditions of probation. See *Stephens v. State*, 305 Ga. App. 339, 340 (699 SE2d 558) (2010). We granted Appellant's petition for certiorari to answer two questions:

1. Should a trial court give a jury instruction on prior consistent statements? See Council of Superior Court Judges Criminal Pattern Jury Instructions, § 1.31.60 (4th ed.). See also *Boyt v. State*, 286 Ga. App. 460 [(3) (649 SE2d 589)] (2007).

2. Did the Court of Appeals err in upholding the trial court's amendments to Stephens's sentence to include special conditions of probation?

We hold that the pattern jury instruction on prior consistent statements should not be given as a matter of course. Unlike some other states, Georgia admits prior consistent statements as substantive evidence and not solely to rehabilitate a witness's trial testimony. As a result, in ordinary cases the instruction adds nothing to the deliberative process and may instead lead to juror confusion. However, in this case, as in most cases, the instruction did not harm Appellant, and so the Court of Appeals properly affirmed his conviction. We further hold that Appellant's rights were not violated by the process the trial court followed in imposing his special conditions of probation. Accordingly, we affirm the Court of Appeals' judgment.

1. (a) At trial, the court gave, over Appellant's objection, the pattern jury instruction on prior consistent statements:

Should you find that any witness has made a statement prior to trial of this case that is consistent with that witness's testimony from the witness stand and such prior consistent statement is material to the case and the wit-

ness's testimony, then you are authorized to consider the other statement as substantive evidence.

Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.31.60 (4th ed.). It is now settled law that prior consistent statements, when admissible at all, are substantive evidence. See *Cuzzort v. State*, 254 Ga. 745, 745 (334 SE2d 661) (1985). See also *Woodard v. State*, 269 Ga. 317, 320 (496 SE2d 896) (1998) (reiterating that a witness's prior consistent statements are admissible at trial only in rebuttal to an express or implied charge of recent fabrication or improper influence or motive, but when admitted they are substantive evidence).

Thus, the pattern charge simply states a truism, because " '[a] jury may consider *all* the words it hears as substantive evidence, unless the trial court tells it to disregard those words or unless the trial court at the moment the words are uttered cautions the jury that the testimony is admitted only for a limited purpose.' " *Stephens*, 305 Ga. App. at 343-344 (quoting *Boyt*, 286 Ga. App. at 466-467) (emphasis in original). See also *Johnson v. State*, 289 Ga. 106, 110 (709 SE2d 768) (2011) (same). As a result, the pattern instruction does not assist the deliberative process, and it may cause confusion by suggesting that prior consistent statements are a different or specially important type of substantive evidence.[1] A jury charge may have been needed before *Cuzzort*, when prior consistent statements were admitted not as substantive evidence but only to rehabilitate an impeached witness, but *Cuzzort* eliminated that limitation. See *Cuzzort*, 254 Ga. at 745.

In recent years, the Court of Appeals has repeatedly said that the "better practice" is not to give an instruction on prior consistent statements. *Boyt*, 286 Ga. App. at 468.[2] We now hold that an instruction on prior consistent statements should no longer be given except where the circumstances of an unusual case suggest that the jury may have the mistaken impression that it cannot consider a prior consistent statement as substantive evidence. For example, the jury might send a note during deliberations asking whether it can consider a prior consistent statement as regular evidence, or an

---

[1] This case involves the 2004 version of the prior consistent statement pattern charge. The version in effect before that time was even more complicated and potentially confusing. See *Boyt*, 286 Ga. App. at 465-466.

[2] Accord *Snider v. State*, 304 Ga. App. 64, 72 (695 SE2d 383) (2010); *Metts v. State*, 297 Ga. App. 330, 338, n. 7 (677 SE2d 377) (2009); *Smallwood v. State*, 296 Ga. App. 16, 21 (673 SE2d 537) (2009); *Whitaker v. State*, 293 Ga. App. 427, 430 (667 SE2d 202) (2008); *Smith v. State*, 291 Ga. App. 389, 391 (662 SE2d 201) (2008); *Patterson v. State*, 289 Ga. App. 663, 669 (658 SE2d 210) (2008); *Holden v. State*, 287 Ga. App. 472, 477 (651 SE2d 552) (2007). See also *Johnson*, 289 Ga. at 110-111 (noting the Court of Appeals' position).

attorney might make an improper statement in closing argument suggesting to the jury that a prior consistent statement is not a valid type of evidence. When a charge on prior consistent statements is needed because of such circumstances, the charge should be adjusted to address the issue that requires it. No such circumstances were present in this case, and so the Court of Appeals correctly determined that the pattern instruction should not have been given. It is also worth noting that a routine instruction on prior consistent statements is discouraged in federal practice, see *Boyt*, 286 Ga. App. at 467-468, and Georgia courts will soon be operating under a prior consistent statements rule that parallels Federal Rule of Evidence 801 (d) (1). See Ga. L. 2011, pp. 99, 119 (future OCGA § 24-6-613 (c)), 127 (future OCGA § 24-8-801 (d) (1) (A) (effective Jan. 1, 2013)).

(b) The Court of Appeals also correctly held that giving the pattern instruction on prior consistent statements was harmless in this case, as it will be in most cases. See *Stephens*, 305 Ga. at 344. See also *Johnson*, 289 Ga. at 110-111; *Boyt*, 286 Ga. App. at 468. Appellant and the State disagree about whether any prior consistent statements were even admitted at trial, with Appellant arguing that the State did not introduce any. Perhaps for this reason, Appellant offers no persuasive argument that the giving of the pattern instruction harmed him. For example, Appellant claims that "by giving the pattern charge, the trial court in effect authorized the jury to disregard the inconsistencies in the testimony" of the victim and the other witnesses who testified at trial, but the pattern instruction in no way suggested that the jury should ignore inconsistencies in the trial testimony. Appellant also argues that "under the pattern charge, the jury was authorized to find that just because another person repeated what had been related by the alleged victim, such constituted substantial evidence," which "improperly bolstered her testimony." But prior consistent statements *are* substantive evidence that also tends to bolster the witness's trial testimony by disproving charges of recent fabrication or improper influence or motive, so Appellant's complaint is actually with the admission of the statements (which is not enumerated as error), not the jury instruction. The pattern jury instruction does not explicitly direct the jury to place any additional weight on prior consistent statements beyond that which the law already gives them, which is why it will usually be harmless.

(c) The State does not really defend the pattern charge on prior consistent statements. Instead, the State notes that the pattern charge on prior *inconsistent* statements is very similar,[3] adding that

---

[3] See Prior Inconsistent Statement Instruction, Council of Superior Court Judges,

unless that instruction is also disapproved, juries may mistakenly think that prior inconsistent statements deserve more weight than prior consistent statements. Both points appear to have merit.[4] However, although the pattern charge on prior inconsistent statements was also given in this case, Appellant has not enumerated it as error, and the State is not entitled to do so. Accordingly, although trial courts should consider that jury instruction with greater care in light of this opinion's rationale, we will not decide if the pattern charge on prior inconsistent statements should also be disapproved until the issue is properly presented and fully briefed in a future case.

2. Appellant also contends that the Court of Appeals erred in upholding the special conditions of probation imposed by the trial court. We disagree.

(a) The jury returned its verdict on Friday, December 12, 2008, and the trial court released the jury and proceeded immediately to the presentence hearing. See OCGA § 17-10-2 (a) (1) ("[U]pon the return of a verdict of 'guilty' by the jury in any felony case, the judge shall dismiss the jury and shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed."). After brief arguments by the prosecutor and defense counsel, who chose not to address special conditions of probation, Appellant asked the court for mercy, and the victim indicated that she did not wish to address the court before sentence was pronounced. See OCGA § 17-10-2 (a) (2) ("The judge shall ... hear argument by the accused or the accused's counsel and the prosecut-

---

Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.31.70 (4th ed.) ("Should you find that any witness has made any other statement inconsistent with that witness's testimony from the stand in this case and that such prior inconsistent statement is material to the case and the witness's testimony, then you are authorized to consider that other statement not only for the purposes of impeachment, but also as substantive evidence in the case.").

[4] The Court of Appeals in *Boyt* distinguished the prior inconsistent statements charge on the ground that, "in traditional Georgia trial practice, a limiting instruction would be given at the moment the testimony was elicited," and a "jury charge on prior inconsistent statements is thus required to undo, so to speak, the limiting instruction and to allow the jury to consider the prior inconsistent statement for whatever weight and purpose it wishes." 286 Ga. App. at 467 & n. 39 (citing *Colbert v. State*, 124 Ga. App. 283, 285 (183 SE2d 476) (1971), for the proposition that "where defendant's otherwise inadmissible prior inconsistent statement is offered for purposes of impeachment, failure to give limiting instruction (even if unrequested) is reversible error"). It is not clear that this view accurately reflects trial practice, as there is no pattern charge to be given *during* trial limiting prior inconsistent statements to an impeachment purpose; such an instruction would be inconsistent with the rule established after *Colbert* in *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982), that prior inconsistent statements are admissible as substantive evidence; and *Colbert* involved the distinct, constitutional issue of impeaching a testifying defendant with his prior statement obtained in violation of *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), see *Gregory v. State*, 297 Ga. App. 245, 246 (676 SE2d 856) (2009) (recognizing that distinction).

ing attorney, as provided by law, regarding the punishment to be imposed.").

Then the following exchange occurred:

THE COURT: . . . I'm going to sentence Mr. Stephens to a sentence of 20 years, with the first 10 to be served in confinement, the balance on probation. While on probation, he is to pay a $1,000 fine plus the appropriate surcharges, a $34 per month probation supervision fee. He is to have no contact whatsoever with [the victim]. Mr. Stephens, do you understand your sentence?

THE DEFENDANT: Yes, sir, I do.

THE COURT: I'm going to ask you to go with the deputy at this time. Oh, I'm sorry, Mr. Stephens, if you would wait just one moment.

THE DEFENDANT: Yes, sir.

THE COURT: You have the right to appeal the jury's determination in your case. If you wish to appeal it, you must file either a notice of appeal or a motion for new trial within 30 days of my entry of this sentence, which should be today or Monday.

At that point, the court asked defense counsel if he would be representing Appellant post-trial, and counsel responded that he would. The prosecutor then interjected, "Judge, before we finish up, I believe because of this charge there would be sex offender conditions on his probation. I believe that the new case law requires us to put that on the record."[5] The court responded, "Obviously we are going to impose the sexual offender conditions as part of the sentence. Is there anything else? Thank you for that." The prosecutor replied that he had nothing further, and the court said, "All right. Mr. Stephens, if you'll go with the deputy," and the hearing was adjourned.

Four days later, on Tuesday, December 16, 2008, the trial court filed both a "Final Disposition — Jury Trial — Felony Sentence" (the "Final Disposition") and an "Addendum to Sentence — Special Conditions of Probation and Parole" (the "Addendum"). The Final Disposition imposed several special conditions of probation, and the

---

[5] The prosecutor's reference is unclear. The statutory sex offender requirements may apply regardless of whether they are mentioned at a presentence hearing or in a sentence, and trial courts may but are not required to impose similar restrictions as special conditions of probation. See *Hollie v. State*, 287 Ga. 389, 390-391 (696 SE2d 642) (2010).

Addendum added many more.[6] Two days later, Appellant filed a motion for a new trial that challenged, among other things, the procedure the trial court followed in imposing the special conditions of probation in the Final Disposition and the Addendum. On July 13, 2009, the trial court summarily denied the motion after a hearing.

(b) As the Court of Appeals noted, Appellant "has not even argued, let alone demonstrated, that any of the [probation] conditions imposed are unreasonable or otherwise fail to bear a logical relationship to the rehabilitative scheme of the sentence pronounced for this crime." *Stephens*, 305 Ga. App. at 348 & n. 36. See also *Hollie*, 287 Ga. at 390 ("It is well established that, as part of the broad discretion vested in trial judges by the probation and suspension statutes in Georgia, the appellate courts will approve 'any reasonable condition imposed for probation' of sentence by the trial court '(i)n the absence of express authority to the contrary.'" (citations omitted)). Instead, Appellant contends that the special conditions of probation contained in the Final Disposition and the Addendum impermissibly varied from the trial court's oral pronouncement of his sentence at the sentencing hearing, imposed additional punishment in violation of double jeopardy, and violated his due process rights.

(1) The extent to which a defendant's formal sentence, entered by a filed written order, can clarify or vary from the oral pronouncement of sentence can be a complicated issue, particularly if the clarification or variation affects the *length* of the sentence. But the Final Disposition and Addendum did not alter the length of the sentence orally pronounced to Appellant — ten years in confinement and ten years on probation.[7] As for modifying the *conditions* of

---

[6] The Final Disposition imposed certain fines and charges as special conditions of probation and required Appellant to have no contact whatsoever with the victim, to successfully complete sex offender evaluation and treatment at his own expense, and to register as a sex offender as mandated by statute. The Addendum imposed additional special conditions of probation, barring Appellant from residing or having contact with any children under the age of 16, including his own children; having unsupervised contact with any other minor without prior court approval; seeking or engaging in volunteer work or employment requiring regular contact with children; possessing pornography, alcohol, or any controlled substance without a prescription; hitchhiking or picking up hitchhikers; and renting a post office box without the probation department's prior approval. The Addendum also requires Appellant, after his release on probation, to maintain a driving log, comply with probation department curfew rules, obtain the department's prior approval for any employment, undergo and pay for DNA testing, notify anyone he dates or marries of his sex offender status, and notify the department of any dating or marital relationship involving the possibility of contact with the other person's children. Finally, the Addendum requires Appellant to submit to warrantless searches of his person, property, residence, or vehicle whenever requested to do so by a probation officer or peace officer.

[7] Appellant's argument in this Court that the trial court imposed supervised probation for longer than two years without complying with the statutory requirements of OCGA § 17-10-1 (a) was not presented to the trial court or the Court of Appeals, and we therefore will

probation, the trial court has specific statutory authority to modify probation conditions not just between the oral pronouncement and the filing of the written sentence but throughout the period of the sentence. OCGA § 17-10-1 (a) (5) (A) provides that the sentencing court "shall retain jurisdiction throughout the period of the probated sentence," and OCGA § 42-8-34 (g) authorizes the court to "modify or change the probated sentence . . . at any time during the period of time prescribed for the probated sentence to run" and "in any manner deemed advisable by the judge." See *Tyson v. State*, 301 Ga. App. 295, 298 (687 SE2d 284) (2009) ("Probationary terms and conditions can be modified by the trial judge at any time during the probated sentence.").

(2) This statutory authority may be limited, of course, by constitutional requirements. In this vein, Appellant maintains that he began serving his 20-year sentence when the trial court first asked him at the sentencing hearing "to go with the deputy at this time" and that the Final Disposition and Addendum then increased his punishment in violation of the constitutional prohibition against double jeopardy. Double jeopardy does prevent a court from imposing additional punishment where doing so would upset the defendant's legitimate "expectation of finality in his sentence." *United States v. DiFrancesco*, 449 U. S. 117, 136 (101 SC 426, 66 LE2d 328) (1980). See also *Wilford v. State*, 278 Ga. 718, 719-720 (606 SE2d 252) (2004) ("The *DiFrancesco* decision then went on to hold that a defendant may be resentenced after the original sentence has begun being served, so long as (a) such resentencing is allowed by law, and (b) the defendant has no reasonable expectation in the finality of the original sentence."). However, even assuming (dubiously) that Appellant began serving his sentence when the court asked him to go with the deputy at the sentencing hearing, and further assuming (even more dubiously) that Appellant had a legitimate expectation of finality in his sentence at that point, his double jeopardy argument would still fail, because the special conditions of probation he challenges do not, individually or in the aggregate, constitute additional punishment. Compare *Inman v. State*, 124 Ga. App. 190, 190-193 (183 SE2d 413) (1971) (holding that double jeopardy barred imposition of a one-year prison term four days after the court orally sentenced the defendant to two years of probation and a fine, where the defendant had already paid the fine and begun serving his probationary term).

---

not address it. See *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (573 SE2d 389) (2002) ("[A]n appellate court need not consider arguments raised for the first time on appeal." (footnote omitted)).

It is well established that double jeopardy "does not prohibit the imposition of any additional sanction that could, in common parlance, be described as punishment." *Hudson v. United States*, 522 U. S. 93, 98-99 (118 SC 488, 139 LE2d 450) (1997) (citations and punctuation omitted). And "the United States Supreme Court and this Court have made clear that sexual offender registry requirements such as those contained in OCGA § 42-1-12 are regulatory, and not punitive, in nature." *Rainer v. State of Ga.*, 286 Ga. 675, 675-676 (690 SE2d 827) (2010) (citing *Smith v. Doe*, 538 U. S. 84, 93 (123 SC 1140, 155 LE2d 164) (2003), and *Frazier v. State*, 284 Ga. 638, 640 (668 SE2d 646) (2008)). Appellant acknowledges the substantial overlap between the special conditions of probation he challenges and the requirements of the sex offender statute, and he has failed to explain how the distinct requirements contained in the Final Disposition and the Addendum — which appear tailored to the specifics of his crime — cross the line into the realm of punishment. See *Hudson*, 522 U. S. at 99-100 (discussing the "guideposts" for determining whether an ostensibly non-penal scheme is so punitive in purpose or effect that it amounts to criminal punishment subject to the bar of double jeopardy).

Indeed, probation conditions are commonly modified or imposed for the first time after sentencing, see OCGA § 42-8-34 (g), yet Appellant cites no case holding that such an action violates double jeopardy. See *Gould v. Patterson*, 253 Ga. App. 603, 603-604 (560 SE2d 37) (2002) (finding no double jeopardy violation in modification of probation conditions to require the defendant to undergo and pay for sex offender treatment after the defendant completed his term of incarceration for child molestation and solicitation and began serving the probated portion of his sentence). Appellant's failure to demonstrate that his special conditions of probation constitute criminal punishment is fatal to his double jeopardy claim.

(3) Appellant also contends that he was denied his constitutional right of due process because he lacked notice of what the special conditions of probation would be and was given no opportunity to object or discuss them with the trial court. This is not so. Appellant had the opportunity to argue for or against any condition of probation at the presentence hearing, including after the court told him that it would impose "sex offender conditions" as part of the sentence. And after the Final Disposition and Addendum provided Appellant with notice of the specific conditions the court had decided to impose, he had the opportunity to argue the merits of those conditions at the motion for new trial hearing and to challenge their legality in this appeal. Moreover, Appellant will be resentenced due to the trial court's error in attempting to impose conditions of parole in the sentence, so he will have an additional opportunity to

challenge his probation conditions. See *Stephens*, 305 Ga. App. at 346-347.

The Court of Appeals has stated the general rule that due process does not

> require that [a defendant] be afforded prior notice, a hearing, or counsel before the trial court modified the conditions of his probation. Because modification of probation does not result in the same loss of liberty as a probation revocation (where a hearing is required), there was no infringement of [defendant's] due process rights.

*Gould*, 253 Ga. App. at 604. It may violate due process for a court to revoke a defendant's probation for violating a special condition of probation of which the defendant never had notice. See *Harp v. State*, 169 Ga. App. 670, 670-671 (314 SE2d 686) (1984) (" '[T]o expect a probationer to abide by terms and conditions of which he has no knowledge would be an unconstitutional deprivation of due process.' " (citations omitted)).[8] It does not follow, however, that it violates due process to impose a special condition of probation unless the court first *orally* reads it to the defendant at a hearing. See id. at 670-671 (finding notice sufficient where the sentence required compliance with the rules of a diversion center and the defendant was advised of the specific rules when he later arrived at the diversion center). Appellant has pointed to no authority for this proposition, and we think it unsound.[9]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 2011.

*Chandler, Britt, Jay & Beck, Walter M. Britt*, for appellant.

---

[8] We note that a defendant who is unhappy when notified of a new or modified special condition of probation has the opportunity to apply to the court to modify or remove the condition under OCGA § 42-8-34 (g). See *Dean v. Whalen*, 234 Ga. 182, 183 (215 SE2d 7) (1975), overruled in part on other grounds by *Terry v. Hamrick*, 284 Ga. 24, 25 (663 SE2d 256) (2008).

[9] Certain probation conditions may raise other constitutional concerns if imposed after the original sentence, at least under some circumstances. See *Fox v. State*, 272 Ga. 163, 165 (527 SE2d 847) (2000) (holding that a special condition of probation prospectively waiving the defendant's Fourth Amendment rights was invalid where he did not agree to it as part of his negotiated plea bargain and was told of the condition only after the court pronounced his sentence). In this Court, Appellant challenges the special condition of probation requiring him to submit to searches without consent whenever requested to do so by a law enforcement officer, claiming that it violates his Fourth Amendment rights under *Fox*. However, this constitutional argument was not presented to the trial court or the Court of Appeals, and so we decline to address it. See *Pfeiffer*, 275 Ga. at 829.

*Daniel J. Porter, District Attorney, Jon W. Setzer, Assistant District Attorney*, for appellee.