**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 23, 2013**

# In the Court of Appeals of Georgia

A13A1655. BELL v. THE STATE.                    JE-063C

ELLINGTON, Presiding Judge.

Aron Bell appeals from the order of the State Court of DeKalb County that denied Bell's motion to vacate his probated sentence. Bell argues that the court's previous order modifying a condition of his probation increased his punishment and was, therefore, void. Because the modification was not punitive, as explained below, we affirm the order of the state court.

"Because this appeal presents only questions of law, we perform a de novo review of the trial court's order." (Footnote omitted.) *Eason v. Dozier*, 298 Ga. App. 65 (679 SE2d 89) (2009). This case arises from a domestic dispute involving Bell and his wife ("the victim"). On December 12, 2011, the victim applied for and was granted an ex-parte temporary protective order from the Superior Court of DeKalb

County. The order contained a "no contact" provision. Bell was served with a copy of this order on the same day it was issued. Two weeks later, the superior court converted the order to a twelve-month, "no contact" protective order.

On January 15, 2012, Bell was arrested on misdemeanor charges arising out of an incident in which Bell bit the victim and behaved in a tumultuous manner that placed the victim in fear for her safety. Bell pleaded guilty to the offenses of family violence battery and disorderly conduct in the state court on January 27, and the court sentenced him to 12 days in jail (which he had already served) and to 24 months of probation. As a condition of his probation, Bell was to have "no violent contact"[1] with the victim.

On February 10, Bell was arrested for aggravated stalking based upon a finding of probable cause that Bell had violated the terms of the protective order. After a compliance hearing in the superior court, Bell was taken to the state court for a hearing on a motion to modify the terms of his probation. The solicitor asked the state court to change the "no violent contact" provision to "no contact" to be uniform with the protective order. The court agreed to change the terms of Bell's probation, agreed

---

[1] The state court judge was unaware of the existence of the protective order (and its "no contact" provision) issued by the superior court.

to apply the change prospectively, and, on the same day, issued an order amending the terms of Bell's probation to provide for "no contact" with the victim.

On February 18, while he was in custody, Bell was served with an arrest warrant for violating the no contact term of his probation based upon the February 10 aggravated stalking charges. However, when Bell's probation was revoked on May 24, the revocation was not based upon the new aggravated stalking charges but upon other grounds, including that, between February 10 and 13, Bell made 382 telephone calls to the victim.

On September 6, Bell moved the state court to vacate his modified probated sentence for the offenses of family violence battery and disorderly conduct on the ground that the sentence imposed increased punishment and was, therefore, void. On October 2, the state court held a hearing on the motion. The court denied the motion on November 15, and the instant appeal followed.

A trial court has statutory authority to modify conditions of probation throughout the period of the probated sentence. OCGA § 17-10-1 (a) (5) (A) provides that the sentencing court "shall retain jurisdiction throughout the period of the probated sentence," and OCGA § 42-8-34 (g) authorizes the court to "modify or change the probated sentence . . . at any time during the period of time prescribed for

the probated sentence to run" and "in any manner deemed advisable by the judge." See *Tyson v. State*, 301 Ga. App. 295, 298 (2) (687 SE2d 284) (2009) (physical precedent only) ("Probationary terms and conditions can be modified by the trial judge at any time during the probated sentence.") (citations omitted). "This statutory authority may be limited, of course, by constitutional requirements." *Stephens v. State*, 289 Ga. 758, 764 (2) (b) (2) (716 SE2d 154) (2011).

Bell argues that changing a condition of his probation from "no violent contact" to "no contact" violated the double jeopardy clause of the Fifth Amendment because it increased his punishment.[2] However, "[i]t is well established that double jeopardy does not prohibit the imposition of any additional sanction that could, in common parlance, be described as punishment." (Citation and punctuation omitted.) *Stephens v. State*, 289 Ga. at 764 (2) (b) (2). Bell has not shown that prohibiting a criminal defendant from having contact with a victim qualifies as a punishment as that term is generally understood in legal parlance. See *Hudson v. United States*, 522 U. S. 93, 99-100 (118 SCt 488, 139 LE2d 450) (1997) (discussing the "guideposts"

---

[2] "[O]nce a person has entered upon the execution of his sentence, the court is without power to change it by increasing the punishment. This is considered a violation of the Fifth Amendment prohibition against double punishment or jeopardy." (Citations omitted.) *Inman v. State*, 124 Ga. App. 190, 192 (1) (183 SE2d 413) (1971).

for determining whether an ostensibly non-penal scheme is so punitive in purpose or effect that it amounts to criminal punishment subject to the bar of double jeopardy).

Although Bell may perceive as punishment a condition of probation that restrains him from contacting his victim, the clear and primary purpose of such a condition, as is apparent from the related statutory scheme, is to protect the victim of the crime. See OCGA § 19-13-30 (b) ("The General Assembly has enacted comprehensive legislation addressing family violence, including provision for the issuance of temporary protective orders to protect individuals from violence."); see also *Stephens v. State*, 289 Ga. at 765 (2) (b) (2) ("[S]exual offender registry requirements such as those contained in OCGA § 42-1-12[3] are regulatory, and not punitive, in nature.") (citations and punctuation omitted); *Hallford v. State*, 289 Ga. App. 350, 353-354 (2) (657 SE2d 10) (2008) (banishment may be a reasonable condition of probation if related to protecting the safety of others). Cf. *Harris v. State*, 261 Ga. 859 (413 SE2d 439) (1992) (restitution is punishment when ordered as part

---

[3] In Article 2 of Chapter 1 of Title 42 of the Georgia Code, the General Assembly declared that the sex offender registry was created to protect the public and that the "designation of a person as a sexual offender is neither a sentence nor a punishment but simply a regulatory mechanism and status resulting from the conviction of certain crimes."

of a criminal sentence, and the trial court cannot increase punishment after sentencing).

Also, in this case, the no contact condition supports the rehabilitative goals of Bell's probation. As a condition of his probation, Bell was required to complete a domestic violence intervention program within the first two months of his probated sentence. Having no contact with the victim both reduced the risk that he would re-offend and offered him the hope of a reward – renewed contact with his wife – if he successfully completed the domestic violence intervention program. See *Staley v. State*, 233 Ga. App. 597, 598-601 (505 SE2d 491) (1998) (a probation modification requiring the probationer to submit his out-of-state travel plans to his probation officer did not constitute punishment because it was a rehabilitative, future-oriented condition aimed wholly at effecting future positive behavior); see also *Wyche v. State*, 197 Ga. App. 148, 149 (2) (397 SE2d 738) (1990) (physical precedent only) (banishment from five counties was not unreasonable as it removed "the offender from a locale in which he previously succumbed" to the temptation that led to his criminal activity).

Because the probation modification did not constitute punishment, the trial court did not err in denying Bell's motion to vacate his sentence.

6

*Judgment affirmed. Phipps, C. J., and Branch, J., concur.*